RACHEL WINKLER (AZ SBN 028190)
rwinkler@nixonpeabody.com
MICHAEL R. LINDSAY (CA SBN 110845) (pro hoc pending)
mlindsay@nixonpeabody.com
ANDREA CHAVEZ (CA SBN 318297) (pro hoc pending)
andrea.chavez@nixonpeabody.com

NIXON PEABODY LLP
300 S. Grand Ave., Suite 4100
Los Angeles, CA 90071
Telephone:   (213) 629-6000
Facsimile:    (213) 629-6001

Attorneys for Defendant
Lufthansa Aviation Training USA, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Nana Kwabena Amponsah, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Lufthansa Aviation Training USA, Inc., an Arizona Corporation,<br><br>Defendant. | Case No.:<br><br>**DEFENDANT LUFTHANSA AVIATION TRAINING USA, INC.'S NOTICE OF REMOVAL**<br><br>**[Maricopa Superior Court Case No. CV2021-004116]**<br><br>[Filed concurrently with Civil Cover Sheet; Supplemental Civil Cover Sheet; Notice of Appearance; Defendant's Disclosure Statement; and Declaration of Rachel Winkler]<br><br>Complaint Filed: March 12, 2021<br>Trial Date: None Set |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA AND TO PLAINTIFF NANA KWABENA AMPONSAH AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Lufthansa Aviation Training USA, Inc. ("Lufthansa" or "Defendant") hereby removes, pursuant to 28 U.S.C. §§ 1331 and 1441(a), the above-entitled civil action from the Superior Court of the State of Arizona for the County of Maricopa to the United States District Court for the District of Arizona, and alleges as follows:

## I. PROCEDURAL HISTORY

1. On March 12, 2021, plaintiff Nana Kwabena Amponsah ("Amponsah" or "Plaintiff") commenced this action against Lufthansa by filing a complaint in the Superior Court of the State of Arizona, County of Maricopa, entitled *Nana Kwabena Amponsah v. Lufthansa Aviation Training USA, Inc.*, Case No. CV2021-004116 (the "State Court Action"). Plaintiff's Complaint alleges one cause of action against Lufthansa for race discrimination pursuant to Title VII of Civil Rights Act of 1964.

2. A true and correct copy of Plaintiff's Summons and Complaint in the State Court Action, along with the exhibits attached to the Complaint, are attached as Exhibit B ("Complaint") to the Declaration of Rachel Winkler ("Winkler Decl.").

3. On April 2, 2021, Plaintiff personally served the Complaint on Lufthansa.

4. Lufthansa has neither received nor filed any papers or pleadings in the State Court Action other than Exhibit B attached to this Notice.

5. This Notice is timely filed in that it is filed within thirty days of service of the Summons and Complaint on Lufthansa. *See* 28 U.S.C. § 1446(b); and Fed. R. Civ. Proc., Rule 6.

6. Lufthansa will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of Arizona in and for the

County of Maricopa, as further required by that statute. Lufthansa has paid a filing fee of $402.00 to the Clerk of this Court.

7. By filing this Notice of Removal, Lufthansa does not waive any defenses that may be available to it, and all such defenses are hereby expressly reserved. In filing this Notice of Removal, and removing this action from the State Court, Lufthansa does not admit any of the allegations in the Complaint.

8. The statutory basis for the exercise of jurisdiction by this Court is 28 U.S.C. §§ 1331 and 1441(a). The removal is based upon federal question jurisdiction. Federal question jurisdiction is based on the claims set forth in Plaintiff's Complaint, which arise under Title VII of Civil Rights Act of 1964 ("Title VII"), thereby establishing federal question jurisdiction.

9. A copy of the notice has been filed with the clerk in the Superior Court of the State of Arizona for the Cosunty of Maricopa.

## II.     FEDERAL QUESTION JURISDICTION

10. This action may properly be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff's sole cause of action asserted against Lufthansa arises under Title VII, and United States District Courts have original jurisdiction over employment discrimination actions under Title VII. 42 U.S.C. § 2000e-5(f).

11. Removal on federal question jurisdiction is allowed if the well-pleaded complaint contains a federal claim for relief as evidenced by incorporation of an Equal Employment Opportunity Commission ("EEOC') charge pursuant to Title VII, attached to state court complaint. *Davoodi v. Austin Independent School Dist.*, 755 F.3d 307, 309 (5th Cir. 2014).

12. Plaintiff alleges he was employed as an instructor pilot for Lufthansa from about October 2018 until about May 2020, when he was placed on furlough. (Compl., ¶ 4.) He was later terminated in December 2020. (*Id.*) Plaintiff claimed

1 he was subject to race discrimination for his improper use of flex days and airline benefits. (*Id*., ¶ 66.)  He alleges he filed his EEOC Charge on December 4, 2019, and subsequently filed his Complaint on March 12, 2021. (*Id*., ¶ 9.)  He attached the EEOC Charge as an exhibit to his Complaint. (*Id*.)  In doing so, the EEOC Charge became a part of his Complaint for all purposes.  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Thus, Plaintiff's "well-pleaded complaint" included the assertion that he was "discriminated against because of [his] race (African American) in violation of Title VII of the Civil Rights Act." (Compl., ¶ 9, Exhibit 1, pg. 11.)

13.   Although his Complaint does not explicitly state he is bringing his claim pursuant to Title VII, Plaintiff states that "[t]he Company is not exempt from the Civil Rights Act of 1964, amended," and that Lufthansa is an employer and Plaintiff is an employee "as defined in 42 U.S.C. § 12111." (*Id*., ¶¶ 6-8.)  The Complaint does not make reference to any state law theory of recovery. (*See Id*.)  Under the artful pleading doctrine, "a plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his claim …." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (internal quotations omitted).

14.   As a result, this Court has original federal question jurisdiction over Plaintiff's action, and removal is proper.

### III.   <u>VENUE AND DIVISION OF THE COURT</u>

15.   Venue lies in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1391 and 1441(a), because this Court's territorial jurisdiction includes Maricopa County, Arizona, where the State Court Action was filed and is pending, and where Lufthansa resides. (Compl. ¶ 3.)

16.   This State Court Action was filed in Maricopa County. Accordingly, Lufthansa respectfully suggests that this removal it is properly handled in the Phoenix Division of this Court.

WHEREFORE, Lufthansa respectfully submits that the State Court Action is properly removable to this Court under 28 U.S.C. §§ 1331 and 1441(a), and by this filing, hereby removes the State Court Action to this Court.

DATED: April 22, 2021                NIXON PEABODY LLP

By: *Rachel Winkler* (signature)
Rachel Winkler
Michael R. Lindsay
Andrea Chavez
Attorneys for Defendant
Lufthansa Aviation Training USA, Inc.