Exhibit A

Select Language 
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2021-004116 | Judge: | Warner, Randall |
| File Date: | 3/12/2021 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Nana Kwabena Amponsah | Plaintiff | Female | Troy Foster |
| Lufthansa Aviation Training U S A Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/5/2021 | AFS - Affidavit Of Service | 4/7/2021 | |
| NOTE: Certificate of Service by Private Process serve lufthansa Aviation Training USA | | | |
| 3/22/2021 | NOT - Notice | 3/23/2021 | |
| NOTE: Complaint Exhibits | | | |
| 3/12/2021 | COM - Complaint | 3/12/2021 | |
| NOTE: Complaint | | | |
| 3/12/2021 | CSH - Coversheet | 3/12/2021 | |
| NOTE: Civil Cover Sheet | | | |
| 3/12/2021 | CCN - Cert Arbitration - Not Subject | 3/12/2021 | |
| NOTE: Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 3/12/2021 | SUM - Summons | 3/12/2021 | |
| NOTE: Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**Exhibit B**

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
3/12/2021 3:58:56 PM
Filing ID 12649721

Troy P. Foster #017229
Megan N. Weides, #033552
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

### IN THE SUPERIOR COURT OF ARIZONA

### IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Nana Kwabena Amponsah, an Individual, | Case No.: **CV2021-004116** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| Lufthansa Aviation Training USA, Inc., an Arizona Corporation, | |
| Defendant. | |

For his Complaint against Lufthansa Aviation Training USA, Inc. ("the Company"), Plaintiff Nana Kwabena Amponsah ("Plaintiff") alleges as follows:

**Background Allegations and Jurisdiction**

1.      At all times relevant to this Complaint, Plaintiff resided in and is a citizen of Maricopa County, Arizona.

2.      At all times relevant to this Complaint, Plaintiff worked for the Company.

3.      At all times relevant to this Complaint, the Company was a corporation authorized to conduct, and was conducting, business in Maricopa County, Arizona.

4.      Plaintiff worked for the Company as an Instructor Pilot from October 2018 until he was furloughed in May, 2020, then officially separated in December, 2020.

5.      The Company employs 15 or more employees.

6.      The Company is not exempt from the Civil Rights Act of 1964, as amended.

7.      The Company is an employer as defined in 42 U.S.C. § 12111.

8.      Plaintiff was an employee as defined in 42 U.S.C. § 12111.

9.      Plaintiff filed a Charge of Discrimination against the Company with the EEOC on or about December 4, 2019. *See* Charge No. 540-2020-01316, attached as Exhibit 1.

10.     On January 20, 2021, the EEOC issued Plaintiff a Notice of Right to Sue, which is attached as Exhibit 2.

11.     Plaintiff's Complaint has been filed within 90 days from receipt of authorization to bring a civil action.

12.     Plaintiff has exhausted his administrative remedies.

13.     Jurisdiction and venue are appropriate in this Court.

### No Proper Training for the Trainer

14.     In August, 2019, Plaintiff requested vacation time for September 12, 13, and 16 through 20, 2019, and it was approved by the Company.

15.     On September 4, 2019, Plaintiff informed one of the Company's schedulers that he would be requesting to use his flex day on September 11, so he could fly out for his vacation.

16.     Plaintiff also informed the scheduler that if he was short staffed that day, he would be willing to work the morning shift before leaving on vacation.

17.     The scheduler responded with "okay."

18.     Unlike vacation days, flex days are not included in the annual vacation allotment, not subject to the minimum staffing requirements, and is usually unplanned.

19.     Plaintiff was simply notifying the scheduler of his intention to use the flex day on September 11, 2019 as a courtesy.

20.     On September 6, 2019, Plaintiff spoke to his manager, Jim Klein, briefed him on his conversation with the scheduler, and asked him to follow up with the scheduler.

21.     Plaintiff did not hear anything back from either the scheduler or Mr. Klein about his schedule for the week of September 9, 2019, or working the morning of September 11, 2019.

22.     As such, Plaintiff called in sick on September 11, 2019; which is when his flight for vacation was scheduled.

23.     Plaintiff received airline travel privileges with his employment and he used these benefits for his September 11 flight.

24.     Unbeknownst to Plaintiff, it was a violation of the Company's policies and procedures to use airline benefits on days that an employee called in sick for.

25.     On September 26, 2019, Plaintiff met with Mr. Klein, Mr. Jay Gines, and Mr. Ben Liebhaber, and was informed of the violation for using his airline benefits on September 11 after calling in sick.

26.     During this meeting, Plaintiff was also given a corrective action for it.

27.     Plaintiff had never been informed of this policy and had never been given a Company handbook, nor was he able to gain access to it online.

28.     Despite this, Plaintiff acknowledged if he had violated the policy, then he would take responsibility for it.

29.     However, Plaintiff is unaware of any other non-Black employees who have been disciplined for violating this policy.

### Plaintiff Unfairly Accused and Punished

30.     Another incident was discussed in the September 26 meeting that resulted in an additional corrective action.

31.     The Company accused Plaintiff of violating policy on schedule changes when he requested to work the morning of September 11, 2019, and when he allegedly "convinced" a flight dispatcher to schedule additional training for a student on the morning of September 9, 2019.

32.     According to the Company, special schedule changes require a form to be completed and submitted at least ten (10) days in advance to a Managing Pilot.

33.     This is much less than the thirty (30) day notice requirement that Plaintiff was told was required to use a flex day[1].

34.     Furthermore, Plaintiff was aware of other non-Black employees who had used a flex day without a ten (10) day notice and/or completing a form.

35.     In addition, this policy does not apply to flight schedules; which the second incident listed on the corrective action related to a flight for additional training.

36.     With respect to the flight schedule change, the Company's practice was to schedule any additional training after the student's session concluded, while the student was still there and able to coordinate the next training date.

37.     The student in question had failed his lesson and required additional training.

38.     After the flight with his student on September 6, 2019, Plaintiff contacted flight dispatcher, Emily Hunt, to schedule the student for his additional training.

39.     Later that evening around 6:30 pm, Ms. Hunt informed Plaintiff that his student was scheduled for the September 9 morning and not to be late.

40.     Plaintiff shared this information with his student before leaving the building.

41.     Less than 30 minutes later, Ms. Hunt contacted Plaintiff again to inform him that another scheduler had moved his flight back, without any explanation. *See* attached Exhibit 3.

42.     Ms. Hunt also advised Plaintiff to inform management if that other dispatcher did not notify him of the change back because the change has been made after hours.

43.     If anyone made a schedule change, it was the other scheduler when he moved Plaintiff's training that Ms. Hunt arranged; which was the originally scheduled time.

44.     Also, the Company's policy on changing flight schedules states, "no changes to scheduled times are allowed after 1600 the day prior to scheduled activities unless the Flight Instructors / Student Pilots are notified by Dispatch."

---

[1] Months later, the Company's Director of HR confirmed with Plaintiff that a thirty (30) day notice was not the rule.

45.     Although Ms. Hunt is a member of Dispatch, it is clear from the message that Plaintiff was under the impression that he had to be notified of the schedule change back by that other scheduler.

46.     Notably, the student was not informed by anyone in scheduling that the additional training had changed either.

47.     Therefore, Plaintiff arrived to work at the time he coordinated with Ms. Hunt and the student.

48.     Plaintiff has witnessed several non-Black employees change both their personal and flight schedules frequently; yet those employees were not disciplined.

49.     Plaintiff also witnessed several non-Black employees violate the Company's sick policy by using multiple sick days in row, and were never questioned or disciplined.

50.     Additionally, Ms. Hunt, the dispatcher in the write-up Plaintiff allegedly "convinced", told him that she was never asked about the situation, despite Mr. Gines' claim that she "stood by her story", and unequivocally affirmed that there was there no convincing, coercion, or any wrongdoing on Plaintiff's part.

### Fall-Out from the Falsities and Unfairness

51.     After the September 26, 2019 meeting, Plaintiff contacted the Union and the Company's ethics line to report discrimination.

52.     Plaintiff also emailed the Company's HR in New York with the same claims of discrimination.

53.     Not long after the HR email, a representative contacted him who claimed she would be investigating his allegations.

54.     Plaintiff did not hear anything after that, from that employee or anyone in HR, and he later learned this employee resigned.

55.     The Union withdrew its grievance claiming Ms. Hunt stood by her story; a story presented by Mr. Gines, as she told Plaintiff she was never even asked about it.

56.     Plaintiff never received a response from the ethics line complaint.

57.    Because of the schedule change corrective action, Plaintiff was removed from United Airlines' pathway program and was disqualified from applying for any other pathway programs offered by United Airlines.

58.    This essentially disqualifies Plaintiff from ever working for United Airlines.

**Allegations Concerning Damages**

59.    The unlawful corrective action against Plaintiff resulted in his removal from United Airlines' pathway program; which would have likely secured him a job.

60.    In addition, Plaintiff is prevented from applying to any of United Airlines' pathway programs; which essentially bars him from employment with United.

61.    Plaintiff's disciplinary record makes finding replacement pathway program eligibility difficult; which makes finding a pilot position more difficult.

62.    Plaintiff has suffered emotional distress and compensatory damages as a result of the discriminatory treatment.

**LEGAL CLAIMS**

**Count One:  Race Discrimination**

63.    Plaintiff reincorporates allegations in paragraphs 1-62 as if fully set forth here.

64.    At the Company's Goodyear location, there were no Black Pilot Instructors for many years prior to Plaintiff's hire, and at the time of his departure, Plaintiff was one of the two Black Pilot Instructors.

65.    Plaintiff was disciplined for various reasons that other non-Black employees were not disciplined for.

66.    These reasons include failing to request to use a flex day at least ten (10) days in advance, failing to complete the proper form and submit it to a Managing Pilot, and/or using airline benefits on sick days.

67.    Moreover, Plaintiff was written up for "convincing" Ms. Hunt to schedule a flight for him; which is one of the dispatcher's main job duties and a claim that she adamantly denied saying and/or being asked about.

68.     Not that Plaintiff did, but he witnessed other non-Black employees treat Ms. Hunt, and other employees, with blatant disrespect and they were not disciplined.

69.     Plaintiff has witnessed other non-Black employees violate the Company's sick policy by using multiple days in a row, yet the policy was not enforced against them.

70.     Plaintiff is entitled to emotional distress damages, compensatory damages, and his reasonable attorneys' fees and costs.

<u>Conclusion</u>

**THEREFORE**, Plaintiff respectfully requests the following relief:

A.  A judgment in his favor against the Company;

B.  An award of back pay and compensatory damages;

C.  Pre- and post-judgment interest on award; and

D.  Reasonable attorneys' fees and costs.

E.  All other appropriate equitable relief.


**DATED** this 12th day of March, 2021.



**The Foster Group, PLLC**



*/s/  Troy P. Foster*
Troy P. Foster
Megan Weides
902 W. McDowell Road
Phoenix, Arizona 85007
*Counsel for Plaintiff*

Clerk of the Superior Court
*** Electronically Filed ***
M. Cain, Deputy
3/22/2021 3:14:37 PM
Filing ID 12680356

1   Troy P. Foster #017229
    Megan N. Weides, #033552
2   **The Foster Group, PLLC**
    902 W. McDowell Road
3   Phoenix, Arizona 85007
    Tel: 602-461-7990
4   tfoster@thefosterlaw.com
    mweides@thefosterlaw.com
5   *Attorneys for Plaintiff*

6

7                    **IN THE SUPERIOR COURT OF ARIZONA**

8                      **IN THE COUNTY OF MARICOPA**

9   Nana Kwabena Amponsah, an Individual,      Case No.: CV2021-004116

10                              Plaintiff,

11  vs.                                        **COMPLAINT EXHIBITS**

12  Lufthansa Aviation Training USA, Inc.,
13  an Arizona Corporation,

14                              Defendant.

15

16          Pursuant to Rule 10 of Rules of Civil Procedure and 2.15 of the Maricopa County

17  Local Rules of Court. Attached are Exhibits to go with the Complaint filed on March 3rd,
    2021;
18
            • Plaintiff filed a Charge of Discrimination against the Company with the
19
              EEOC on or about December 4, 2019. *See* Charge No. 540-2020-01316,
20
              attached as **Exhibit 1**.
21
            • On January 20, 2021, the EEOC issued Plaintiff a Notice of Right to Sue,
22
              which is attached as **Exhibit 2**.
23
            • Less than 30 minutes later, Ms. Hunt contacted Plaintiff again to inform him
24
              that another scheduler had moved his flight back, without any explanation.
25
              *See* attached **Exhibit 3**.

                                        1

1    **DATED** this 22nd day of March, 2021.

2

3                              The Foster Group, PLLC

4

5

                             /s/ Troy P. Foster
6                              Troy P. Foster
                             Megan Weides
7                              902 W. McDowell Road
                             Phoenix, Arizona 85007
8                              *Counsel for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

|  | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Nana Kwabena | Home Phone (Incl. Area Code)<br>509-230-3810 | Date of Birth<br>09/12/1989 |
|---|---|---|

| Street Address<br>13299 W Alvarado Dr | City, State and ZIP Code<br>Goodyear, AZ 85395 |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Lufthansa | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address<br>1658 S Litchfield Rd #104 | City, State and ZIP Code<br>Goodyear, Arizona 85338 |
|---|---|

| Name |  | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|---|

| Street Address |  | City, State and ZIP Code |
|---|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE |  |
|---|---|
| Earliest | Latest |
|  | 09/26/2019 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a Instructor Pilot at LAT-USA, and believe I believe that I was discriminated against because of my race (African American) in violation of Title VII of the Civil Rights Act. As an Instructional Pilot with the Company, I was disciplined for actions that other, non-African American employees engaged in. This discipline has, and will continue, to negatively impact my career as a pilot.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/04/2019    Akampon Dah<br>_____    _____<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet*

---

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

_____        _____
Date                         Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# EXHIBIT 2

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:

Mr. Nana Kwabena Amponsah
13299 W. Alvarado Drive
Goodyear, AZ 85395

From:

**Los Angeles District Office
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2020-01316 | La Tayna Valentine,<br>Investigator | (213) 785-3047 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

for La Tayna Valentine          1-20-2021

Enclosures(s)          **Rosa M. Viramontes
District Director**          *(Date Mailed)*

cc:   **Arthur Molins, General Counsel, NA
LUFTHANSA GERMAN AIRLINES
1640 Hempstead Turnpike
East Meadow, NY 11554**

**Troy Foster, Esq.
THE FOSTER GROUP
518 E. Willetta Street
Phoenix, AZ 85004**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed with**in 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

SANTA ANA CA 926

20 JAN 2021 PM 1 L

Troy Foster, Esq.
The Foster Group
518 E Willietta ST
Phoenix AZ 85004

# EXHIBIT 3

**T-Mobile** LTE          8:10 AM          64% 🔋

E

Emily-LAT >

Fri, Sep 6, 6:39 PM

0530show 0630go - let your student know and don't be late ! There are check flights after you

6:39 PM

Sounds good!! Thanks Emily!! You're the bestest person in the whole entire universe!!! 🐢🐢

6:42 PM

Seth came back in- moved your flight back. I told him if he's going to do that he will have to inform the rest of the crew. If he doesn't text you please go to management and inform them Seth did not inform you after hours.

6:58 PM

What a dick!!! Why did he do that ??

7:00 PM

Will do

7:00 PM

Thanks for the heads up

7:00 PM

Of course and I have no clue. He flipped out on me again. I'm heated

7:01 PM

 iMessage 



Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
3/12/2021 3:58:56 PM
Filing ID 12649724

Person/Attorney Filing: Troy P Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Nana Kwabena Amponsah
Plaintiff(s),

v.

Lufthansa Aviation Training USA,
Inc
Defendant(s).

Case No. **CV2021-004116**

**SUMMONS**

To: Lufthansa Aviation Training USA, Inc

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 12, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
3/12/2021 3:58:56 PM
Filing ID 12649723

Person/Attorney Filing: Troy P Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Nana Kwabena Amponsah
Plaintiff(s),
v.
Lufthansa Aviation Training USA,
Inc
Defendant(s).

Case No.  **CV2021-004116**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Troy P Foster /s/
Plaintiff/Attorney for Plaintiff

**Exhibit C**

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
4/5/2021 12:20:53 PM
Filing ID 12736057

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

**Nana Kwabena Amponsah, an Individual,**

   *Plaintiff(s) / Petitioner(s)*

v.

Case No.: CV2021-004116

**Lufthansa Aviation Training USA, Inc., an Arizona
Corporation,**

   *Defendant(s) / Respondent(s)*

## <u>CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER</u>

I, Steve Butcher, being duly sworn, state:

I am an Arizona private process server in good standing, registered with Maricopa County Superior Court, #MC-8704. I am 21 years or older and not a party to this action.

I served the following documents on Lufthansa Aviation Training USA, Inc in Maricopa County, AZ on April 2, 2021 at 9:06 am at 1658 S Litchfield Rd, Goodyear, AZ 85338 by leaving the following documents with David Storch who as Treasurer is authorized by appointment or by law to receive service of process for Lufthansa Aviation Training USA, Inc.

SUMMONS; COMPLAINT (Jury Trial Demanded); COMPLAINT EXHIBITS; CERTIFICATE OF COMPULSORY ARBITRATION.

Additional Description:
Contact was established at the listed service address which is a business named Lufthansa Aviation Training. Contact was then made with an employee who identified himself as David Storch, Treasurer/Authorized to accept service, and he was then personally served with said documents for Lufthansa Aviation Training.

White Male, est. age 38, glasses: Y, Brown hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=33.43106703,-112.36299565
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND
CORRECT.


Executed in   Maricopa County  ,   AZ   on              *Steve Butcher*
   4/4/2021   .                                         Signature
                                                        Steve Butcher
                                                        (623) 764-5516

# Exhibit 1

Exhibit 1a)

